# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| PRIMARY SURGICAL, d/b/a ZIMMER DAVIS, | Civil No. 06-459 (JRT/FLN) |
| Plaintiff, | |
| v. | **TEMPORARY RESTRAINING ORDER** |
| KYLE W. SWARTOUT and SMITH & NEPHEW, INC., | |
| Defendants. | |

Stephen C. Landon, **CADWELL SANFORD DEIBERT & GARRY, LLP**, 200 East Tenth Street, Suite 200, Sioux Falls, SD 57101, and Tracey Holmes Donesky, **LEONARD STREET AND DEINARD, PA**, 150 South Fifth Street, Suite 2300, Minneapolis, MN 55402, for plaintiff.

Matthew E. Damon, **HALLELAND LEWIS NILAN & JOHNSON P.A.**, 600 U.S. Bank Plaza South, 220 South Sixth Street, Minneapolis, MN 55402, for defendants.

Plaintiff Primary Surgical, d/b/a Zimmer Davis ("Zimmer") has requested a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(b) against its former employee, Kyle Swartout, and his new employer, Smith & Nephew. The Court held a telephone hearing on February 7, 2006, at which the parties were represented by counsel. The Court considered the complaint, the motion, and other written submissions of plaintiff, in addition to the arguments of the parties. For the reasons set forth below, the Court grants the following temporary restraining order

Dockets.Justia.com

intended to maintain the status quo until the Court can consider plaintiff's motion after full briefing and hearing.

## BACKGROUND

Zimmer sells products in the medical industry. Swartout began employment with Zimmer on January 1, 2004, and his employment was terminated on September 26, 2005. By letter dated November 28, 2005, Zimmer learned that Smith & Nephew hired Swartout. Zimmer asserts that Smith & Nephew is a direct competitor of Zimmer and almost all of Zimmer's product line, and that Zimmer has "reason to believe" that Swartout has shared or will share Zimmer's trade secrets and confidential information with Smith & Nephew. As an employee of Smith & Nephew, Swartout attended various conferences for salespersons of medical products and has signed into the operating room at several local hospitals that are customers of Zimmer.

Swartout signed an Employment Agreement with Zimmer, which contains non-solicitation, non-compete, and non-disclosure provisions that prohibit Swartout from soliciting "Restricted Customers." Zimmer seeks a temporary restraining order to, *inter alia*, enforce the non-solicitation provisions.

At the telephone hearing, defendants disputed the breadth of the non-solicitation provisions of the employment agreement and the extent to which the provisions cover Swartout.

## ANALYSIS

Based on the limited submissions thus far, it appears that Zimmer has made a satisfactory showing of irreparable harm if the temporary restraining order does not issue and of a likelihood of success on the merits. *See Dataphase Sys., Inc. v. C. L. Sys., Inc.*, 640 F.2d 109, 113 (8th Cir. 1981). The Court does not at this time, however, have enough information to determine that Swartout must be enjoined from contacting customers of Zimmer that Swartout did not actually serve. The Court will address the interpretation of the non-solicitation provisions at the hearing on plaintiff's motion. Accordingly, for the express purpose of preserving the status quo as much as possible and minimizing the possibility of irreparable harm until the Court has had an opportunity to rule on plaintiff's motion for injunctive relief, the Court issues the following temporary restraining order.

## ORDER

Based on the foregoing, all the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for a Temporary Restraining Order [Docket No. 2] is **GRANTED IN PART**.

2. Defendant Swartout is enjoined from disclosing to anyone, either directly or indirectly, or for using for his own benefit, or for the benefit of any other, any trade secrets, proprietary, or confidential information gained by Swartout during his employment with Zimmer; and

3. Defendant Swartout is enjoined from directly or indirectly soliciting, or accepting any business from any Zimmer customer whom Swartout actually served while in Zimmer's employ that have not already left Zimmer.

4. This Order shall remain in effect until further order of this Court granting or denying a preliminary injunction or dissolving this Temporary Restraining Order.

5. Defendant's response to these issues is due by February 7, 2006. Plaintiff's reply is due by February 10, 2006. A hearing on plaintiff's motion is set for February 15, 2006 at 1:00 P.M., before the undersigned in Courtroom 13E, United States Courthouse, 300 South Fourth Street, Minneapolis, MN.

6. In accordance with Rule 65(c) of the Federal Rules of Civil Procedure, plaintiff shall post a bond with the Clerk in the amount of $5,000.00 for the payment of such costs and damages as may be incurred or suffered by defendants in the event Swartout is found to have been wrongfully enjoined or restrained.

7. Because defendants' counsel has not entered his appearance as counsel of record on the court docket, plaintiff shall serve the opposing party a copy of this Order.

DATED:  February 7, 2006  
at Minneapolis, Minnesota.

                                    s/ John R. Tunheim  
                                    JOHN R. TUNHEIM  
                                    United States District Judge